UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | | |
|---|---|---|
| WILLIAM ZEMLA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17-cv-45 |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| FRANKLIN COUNTY, | ) | |
| Franklin County Sheriff DONALD R. JONES, | ) | |
| Franklin County Correctional Officers | ) | |
| SAM WINK, D. HOUSE, and | ) | Jury Demand |
| JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a resident of Benton, Illinois.

5. Defendant-Officers SAM WINK ("Defendant WINK"), D. HOUSE ("Defendant HOUSE") and JOHN DOE ("Defendant DOE") are duly appointed and sworn Franklin County Correctional Officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The current identity of Defendant DOE is unknown at this time.

7. The Defendant-Officers are sued in their individual capacities.

1

8. At all relevant times, FRANKLIN COUNTY was a body politic and corporate, situated in the Southern District of Illinois. At all relevant times, FRANKLIN COUNTY and FRANKLIN COUNTY SHERIFF'S OFFICE, led by FRANKLIN COUNTY SHERIFF DONALD R. JONES, were departments of FRANKLIN COUNTY. FRANKLIN COUNTY is a properly named Defendants for indemnification purposes.

9. FRANKLIN COUNTY SHERIFF DONALD R. JONES is an employee of FRANKLIN COUNTY SHERIFF'S OFFICE and FRANKLIN COUNTY, and was acting under color of statutes, customs, ordinances and usage of the State of Illinois and FRANKLIN COUNTY and within the scope of his employment with the Defendant FRANKLIN COUNTY. FRANKLIN COUNTY SHERIFF DONALD R. JONES is sued in his official capacity as the final policy maker for the FRANKLIN COUNTY SHERIFF'S OFFICE.

10. Franklin County Jail is a detention facility operated by FRANKLIN COUNTY SHERIFF DONALD R. JONES and FRANKLIN COUNTY.

11. FRANKLIN COUNTY and the FRANKLIN COUNTY SHERIFF DONALD R. JONES are responsible for the well-being of Franklin County inmates, including providing adequate care and security for inmates' health, safety and welfare.

**Facts**

12. On or about September 30, 2016, Plaintiff was booked into the Franklin County Jail.

13. At approximately 10:28 p.m., Plaintiff was attacked by another inmate.

14. The inmate punched Plaintiff in the face, knocked him to the ground and kicked him in the ribs, chest and back.

15. After the attack, Plaintiff went to the cell block door to get the attention of the correctional staff.

16. Plaintiff told the officers, including Defendants WINK, HOUSE and DOE that he was in intense pain, was having trouble breathing and needed to see a doctor.

17. Defendants WINK, HOUSE and DOE refused to call a doctor for Plaintiff.

18. Plaintiff was given a paper towel for his bleeding nose.

19. The paper towel did not stop the bleeding.

20. Plaintiff again asked for medical attention, but he was denied.

21. For the next four days, Plaintiff's repeated pleas for medical attention were ignored.

22. Plaintiff was never provided any medical care while he was in the Franklin County Jail, not even over-the counter-pain medication.

23. On October 4, 2016, Plaintiff was released from the Franklin County Jail.

24. Plaintiff went to Franklin Hospital to receive medical attention.

25. At Franklin Hospital, Plaintiff was diagnosed with a nasal bone fracture and chest wall pain.

26. On October 14, 2016, Plaintiff had a follow-up appointment at Logan Primary Care Services. His x-ray films were reviewed and the doctor suspected that Plaintiff was also suffering from a left rib fracture.

27. Plaintiff was given a rib belt to help tolerate the pain.

28. The doctor at Logan Primary Care opined that the delay in medical attention adversely affected the healing process of Plaintiff's nasal fracture.

29. Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

30. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including physical pain and suffering, emotional distress and pecuniary damages including medical expenses

## COUNT I
### (42 U.S.C. § 1983 – Denial of Medical Attention)

31. Plaintiff realleges paragraphs 1 through 30 as if fully set forth herein.

32. Plaintiff had a serious medical need.

33. Defendant-Officers were deliberately indifferent to Plaintiff's serious medical need.

34. Defendant-Officers were aware of a substantial risk of harm to Plaintiff's health and Defendants disregarded this risk by failing to take reasonable measures to address it.

35. Defendant-Officers deliberate indifference to Plaintiff's serious medical need

caused harm to Plaintiff.

36. After Plaintiff was attached by an inmate and suffered injuries, including a broken nose and ribs, Plaintiff was denied necessary medical attention.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – *Monell* Claim against SHERIFF DONALD R. JONES)

37. Plaintiff realleges all of the above paragraphs and counts, as if fully set forth herein.

38. At all times material to this Complaint, there existed the following practices, policies and customs within the Franklin County Jail:

- Failure to properly teach and train correctional officers regarding getting medical attention to detainees;
- Failure to properly staff the Franklin County Jail with qualified medical providers;
- Failure to properly provide medical attention to injured detainees

39. The above policies are in direct violation of the Illinois County Jail Standards.

40. The actions of the Defendant-Officers as alleged in this Complaint were done pursuant to, and as a result of, one or more of the above *de facto* practices, policies and customs of Defendants FRANKLIN COUNTY, DONALD R. JONES, and its correctional officers.

41. Defendant DONALD R. JONES has final policy-making authority and is responsible for the above-described practices, policies and customs.

42. The practices, policies and customs described above are well-settled, and was known, or should have been known, to the policy-makers of the Franklin County Jail.

43. Defendant DONALD R. JONES acted with deliberate indifference to the rights of Plaintiff in maintaining, overlooking and preserving the unconstitutional policies delineated

4

above.

44. By his inaction and failure to correct the above-described policies, Defendant DONALD R. JONES tacitly approved and thus indirectly authorized the misconduct Plaintiff complains of herein.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant DONALD R. JONES;

b) Award Plaintiff compensatory damages, as determined at trial;

c) Award Plaintiff attorney's fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

### COUNT III
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

45. The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

46. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant FRANKLIN COUNTY is liable for any judgments for compensatory damages in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant FRANKLIN COUNTY to indemnify the Defendant-Officers for any judgment for compensatory damages in this case arising from their actions.

**Jury Trial Demanded**

    Respectfully submitted,

    */s/ Louis J. Meyer*
    One of Plaintiff's Counsel

Louis J. Meyer
MEYER & KISS, LLC
311 West Stratford Drive
Peoria, Illinois 61614
t. 309.713.3751
f. 312.585.7803
e. louismeyer@meyerkiss.com

5